DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Jeff Wittman, appeals from his conviction for assault in the Akron Municipal Court. We reverse and remand.
 {¶ 2} On July 7, 2004, Defendant was charged with one count of assault, in violation of Akron City Code ("ACC") § 135.03. On July 8, 2004, Defendant pled not guilty to the charge and the matter proceeded to trial on August 19, 2005. A jury found Defendant guilty of assault. On September 9, 2005, the trial court sentenced Defendant to 180 days of imprisonment, with 90 days suspended on the condition that Defendant serve 90 days on house arrest. On September 13, 2005, Defendant moved for a new trial on the basis that his right to fair trial was materially affected by the misconduct of the prosecutor. Defendant also moved for a stay of execution of his sentence pending appeal. The trial court denied the motion for new trial and stayed the execution of sentence on October 5, 2005.
 {¶ 3} On October 12, 2005, Defendant appealed his conviction to this Court, which appeal was dismissed on November 29, 2005, for lack of a final appealable order. Thereafter, on June 9, 2006, the trial court issued a final and appealable judgment entry. Defendant timely appealed his conviction as set forth in the June 9, 2006 judgment entry, raising one assignment of error for review.
 Assignment of Error "The prosecutor's comments during closing argument amounted to prosecutorial misconduct which prejudicially affected [Defendant's] substantial right to a fair trial."
 {¶ 4} Defendant asserts that the State made several improper statements to the jury during closing arguments that prejudicially affected his rights. Specifically Defendant asserts the prosecutor improperly referred to a police report and/or statements Defendant allegedly made to the investigating police officer on the night in question when the police officer who prepared the report did not testify and the report was not admitted into evidence. The statements allegedly made to the police contradicted the Defendant's testimony at trial. The effect of these improper statements was made even greater by the fact that the prosecutor told the jury that it was Defendant's fault that the police officer did not testify at trial when, in fact, it was the state's failure to include the police officer's name on its witness list that prevented the officer from testifying. The state contends that the statements were not improper in the context of the entire trial and even if they are deemed improper, it was harmless error.
 {¶ 5} When considering whether certain remarks constitute prosecutorial misconduct, a reviewing court must determine "(1) whether the remarks were improper and, (2) if so, whether the remarks prejudicially affected the accused's substantial rights." State v.Jackson, 107 Ohio St.3d 300, 2006-Ohio-1, at ¶ 142, citing State v.Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883. In Jackson, the Ohio Supreme Court noted that:
 "[t]he touchstone of analysis `is the fairness of the trial, not the culpability of the prosecutor.' This court will not deem a trial unfair if, in the context of the entire trial, it appears beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments." (Internal citations omitted.) Jackson, at ¶ 142.
 {¶ 6} Ohio law grants prosecutors wide latitude, finding that any prosecutorial misconduct therein must be considered in the light of the whole case. State v. Maurer (1984), 15 Ohio St.3d 239, 266,473 N.E.2d 768. It is well settled that the conduct of a prosecutor during trial cannot be made a ground of error unless that conduct deprives the defendant of a fair trial. State v. Papp (1978), 64 Ohio App.2d 203,211, 412 N.E.2d 401; State v. DeNicola (1955), 163 Ohio St. 140, 148,126 N.E.2d 62; Scott v. State (1923), 107 Ohio St. 475, 490-491,141 N.E. 19.
A. Propriety of the prosecutor's statements.
 {¶ 7} While prosecutors are given wide latitude in closing argument, "[i]t is a prosecutor's duty in closing argument to avoid efforts to obtain a conviction by going beyond the evidence that has been presented to the jury. Therefore, references by a prosecutor during closing argument to material outside the record normally constitute error and may serve as the basis for reversal when the error is prejudicial to the defendant." State v. Smith (1998), 130 Ohio App.3d 360, 370-71,720 N.E.2d 149, citing State v. Smith (1984), 14 Ohio St.3d 13, 14,470 N.E.2d 883.
 {¶ 8} Based on the standard set forth in Smith, we find the following statements to be improper.
 1. "[Defendant] and his wife took the stand. * * * He told the officer that he drank six beers that night." Tr. p. 178.
 2. "But he wants us to believe that he just told the officer that he had six beers in his cooler." Tr. p. 178.
 3. "The state's case rests on John Howell. His story has never changed. It's never wavered. [Defendant] has come up with numerous. You heard one of them today." Tr. p. 181-82.
 4. "He informed you that the officer didn't testify that it was the state's burden to bring him in. Well, we tried to. We tried to numerous times. It was [defense counsel] who objected to it." Tr. p. 194
 {¶ 9} Defendant's statements to the police officer and/or the police report were not evidence at trial and therefore any reference to these statements or inference therefrom is improper. The statements are further made improper by the prosecutor's misstatement as to why the police officer did not testify, thereby implying that the Defendant did, in fact, make the alleged statements as to his consumption of six beers to the police and wanted to hide that fact by stopping the police officer from testifying.
B. Prejudicial Effect.
 {¶ 10} We begin by noting that defense counsel objected to each of these statements, and every objection but the latter was sustained on the record. The trial judge addressed the objection to the last statement at sidebar but never made a ruling as to the objection. The prosecutor's closing argument continued after sidebar, however, on a different topic implying that the last objection was also sustained. This, however, is not the end of the analysis as the record does not indicate that the trial court gave a curative instruction. State v.LaMer (2002), 95 Ohio St.3d 181, 2002-Ohio-2128 at ¶ 91-92. Accordingly, we must consider whether the improper statements, in the context of all of the evidence presented at trial, deprived the Defendant of a fair trial.
 {¶ 11} Six witnesses testified at trial. For the prosecution, the victim (John Howell) and a neighbor (Charles Kester) testified. For the defense, a neighbor (Arnold Lackey), a friend (Dennis Thornton), Defendant's wife (Michelle Wittman) and Defendant testified. Only four of the witnesses gave any testimony related to alcohol use by the Defendant. None of the witnesses witnessed the altercation between the Defendant and Mr. Howell.
 {¶ 12} Mr. Howell testified that the Defendant threw a Miller beer bottle at his head. He did not state that he saw the Defendant consume any alcohol or that he was intoxicated.
 {¶ 13} Mr. Lackey testified that he has known the Defendant for a long time. He and the Defendant have had one or two beers together on occasion but he has never seen the Defendant drunk. He did not offer any testimony as to whether he saw Defendant drink on the night in question.
 {¶ 14} Mr. Thorton is a retired police officer and a friend of the Defendant. He was working with the Defendant at his house on the date of crime. He testified that the Defendant generally drinks a beer every two to three hours. He remembers seeing Defendant take one beer from a cooler when they had finished working for the day. He has never seen him intoxicated.
 {¶ 15} Michelle Wittman testified that she saw her husband at the house during the day and he was not intoxicated.
 {¶ 16} The Defendant denied being intoxicated. He admitted to having a beer or two that day. He denied that he made a statement to the police that he had consumed six beers that night. Instead, the Defendant stated that he told the police officer he had six beers in his cooler that morning.
 {¶ 17} Intoxication has been found to be relevant to the reasonableness of a person's judgment. Gulley v. Markey, 5th Dist. No. 01COA030, 2003-Ohio-335, at ¶ 30. Therefore, any evidence of Defendant's intoxication could have bearing on the jury's verdict as to whether the Defendant's judgment was impaired. No witness testified that the Defendant was intoxicated on the night in question or had drunk any more than a beer or two. Accordingly, the improper statements related to the police report and Defendant's consumption of alcohol beyond a beer or two improperly contradict the only evidence at trial on this issue. As there was no witness to the incident other than the victim and the Defendant, any inference that the Defendant was intoxicated would substantially prejudice the Defendant. Because such an inference could be made solely upon the improper statements made during closing argument, Defendant was deprived of a fair trial.
 {¶ 18} Upon our review of the record, we find that the prosecutor's statements affected the outcome of this case sufficiently to require that the verdict be overturned or set aside. Defendant's sole assignment of error is sustained and this matter is reversed and remanded to the trial court for a new trial.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
LYNN C. SLABY
FOR THE COURT
MOORE, J.
BOYLE, J.
CONCUR