DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Melissa Dovala has appealed from her sentence in the Lorain County Court of Common Pleas. This Court affirms.
 I {¶ 2} Riley Smath was born on August 26, 2003. His mother, Eileen Callahan-Smath, originally planned to deliver Riley naturally, but doctors had to perform a cesarean section when she failed to progress after many hours of labor. After the cesarean, doctors examined Riley and declared him to be a healthy baby. The only problem Riley ever exhibited was his spitting up during and after feeding. *Page 2 
 {¶ 3} Mrs. Callahan-Smath initially took a leave of absence from her job as a schoolteacher so that she could care for Riley. By the end of January 2004, however, Mrs. Callahan-Smath was prepared to return to work and sought a child care provider for weekdays. She found Appellant's advertisement in the newspaper, met with her, and arranged to bring Riley to Appellant's house for day care beginning January 22, 2004.
 {¶ 4} On February 6, 2004, Mrs. Callahan-Smath called Appellant after work to tell Appellant that she was running late to pick up Riley. Appellant informed her that something was wrong with Riley, that she could not wake him, and that he needed to go to the emergency room. After Mrs. Callahan-Smath arrived at Appellant's home, she rushed Riley to the hospital. Riley was pronounced dead shortly thereafter, and doctors later determined his death to be the result of blunt impact trauma to the head.
 {¶ 5} After Riley's death, Detective Dan Jasinski interviewed Appellant at her home and recorded the interview on videotape. Appellant answered questions about her day with Riley, but denied that either she or one of the day care children hurt Riley in any way.
 {¶ 6} On May 26, 2004, a grand jury indicted Appellant for murder pursuant to R.C. 2903.02(A), felony murder pursuant to R.C. 2903.02(B), felonious assault pursuant to R.C. 2903.11(A)(1), endangering children pursuant to R.C. 2919.22(B)(1), and involuntary manslaughter pursuant to 2903.04(A). *Page 3 
Prior to the end of trial, the State dismissed the first count of murder. On July 5, 2005, the jury found Appellant guilty of the charges of felony murder, felonious assault, endangering children, and involuntary manslaughter. The trial court later held that the manslaughter conviction merged with the felony murder conviction and sentenced Appellant to an indefinite prison term of 15 years to life.
 {¶ 7} On April 6, 2006, this Court dismissed Appellant's appeal for failure to file a timely brief. On August 28, 2006, we granted Appellant's App.R. 26(B) motion to reopen her appeal. Consequently, Appellant's appeal is now properly before this Court. Appellant raises six assignments of error for review.
 II Assignment of Error Number One "WHETHER PERMITTING THE JURY TO VIEW A VIDEOTAPE AS EVIDENCE WITHOUT FIRST PRESENTING THE VIDEOTAPE IN THE OPEN COURTROOM, IN THE PRESENCE OF THE ACCUSED, HER COUNSEL, THE COURT, AND THE PUBLIC DENIED THE ACCUSED HER CONSTITUTIONAL RIGHT TO BE PRESENT AT A CRITICAL STAGE OF THE TRIAL, TO CONFRONT EVIDENCE AGAINST HER, AND TO A PUBLIC TRIAL, IN VIOLATION TO THE FIFTH, SIXTH
AND FOURTEENTH AMENDMENTS AS WELL AS ART. I, §§ 2, 10, AND 16 OF THE OHIO CONSTITUTION."
 {¶ 8} In her first assignment of error, Appellant argues that the trial court deprived her of her right to a fair trial by refusing to play her videotaped interview with Detective Jasinski in open court. Rather than play the videotape during trial, the judge ordered the State to mark it as an exhibit and gave the tape directly to the *Page 4 
jury during deliberations. Appellant argues that this order offended her right to be present at all critical stages of the trial and to a public trial. This Court disagrees.
 {¶ 9} An accused has a fundamental right to be present at all critical stages of her criminal trial. Section 10, Article I, Ohio Constitution; Crim.R. 43(A). Yet, an accused's absence does not automatically result in prejudicial or constitutional error. State v. Brinkley,105 Ohio St.3d 231, 2005-Ohio-1507, at ¶ 117. "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Snyder v.Massachusetts (1934), 291 U.S. 97, 107-108, overruled on other grounds,Duncan v. Louisiana (1968), 391 U.S. 145.
 {¶ 10} The right to a public trial is guaranteed by theSixth Amendment to the United States Constitution and by Section 10, Article I
of the Ohio Constitution. State v. Bethel, 110 Ohio St.3d 416,2006-Ohio-4853, at ¶ 81. The violation of the right to a public trial is a structural error and is not subject to harmless error analysis.State v. Drummond, 111 Ohio St.3d 14, 2006-Ohio-5084, at ¶ 50, citingWaller v. Georgia (1984), 467 U.S. 39, 49-50, fn. 9. Before discussing structural error, however, an appellate court must first find that a constitutional error has occurred. State v. Conway, 108 Ohio St.3d 214,2006-Ohio-791, at ¶ 55.
 {¶ 11} The rights Appellant asserts generally arise in the context of closed hearings. See, e.g., State v. Cassano, 96 Ohio St.3d 94,2002-Ohio-3751, at ¶ 61; *Page 5 Bethel at ¶ 80; Waller, 467 U.S. at 48. Consequently, Appellant argues that the trial judge's refusal to play her videotaped interview in the open courtroom is akin to a refusal to allow an open hearing. Appellant insists that this Court treat her case as one in which a judge completely prevents the public from viewing portions of the trial or pieces of evidence. We decline to do so.
 {¶ 12} Appellant's entire trial was open to the public. It was not cloaked in secrecy so as to offend the underlying principles of theSixth Amendment. See Drummond at ¶ 55. Although the videotape was not shown in open court, the State marked it as an exhibit and thereby made it a public record available for public viewing. See id. Were this Court to adopt Appellant's view, the State would be forced to display the full contents of each and every exhibit it entered into evidence. The State could not select excerpts or summarize documents. Rather, the jury would be forced to listen to the State read line by line, page by page, from documents to which the jury and the public would later have access. The protections afforded by the Constitution do not demand such a result.
 {¶ 13} While refusing to display at least portions of the videotape may not have been the preferred practice, Appellant has not shown that this refusal deprived her of a fair trial and amounted to constitutional or prejudicial error. Both counsels viewed the tape before trial and discussed relevant portions of it during trial. Moreover, Appellant had the opportunity to test the accuracy of the videotape during trial because both she and Detective Jasinski testified. See State *Page 6 v. Taylor (1997), 78 Ohio St.3d 15, 24. This Court has reviewed the transcript of the videotape and finds that it merely corroborates the testimony extrapolated at trial. Accordingly, the videotape was not a critical portion of the State's case or an item that would have assured Appellant's acquittal. The Court finds that the trial court's refusal to play the videotape was neither a constitutional error, nor a prejudicial one. Appellant's first assignment of error is overruled.
 Assignment of Error Number Two "WAS MELISSA DOVALA DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY ART. I, §§ 2, 10, AND 16 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS."
 {¶ 14} In her second assignment of error, Appellant argues that she was denied effective assistance of counsel. We disagree.
 {¶ 15} The Sixth Amendment of the United States Constitution guarantees a criminal defendant the effective assistance of counsel.McMann v. Richardson (1970), 397 U.S. 759, 771. To prove an ineffective assistance claim, Appellant must show that: (1) counsel's performance was deficient to the extent that "counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment [,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington (1984),466 U.S. 668, 687. To demonstrate prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by *Page 7 
counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. Furthermore, the Court need not address both Strickland prongs if Appellant fails to prove either one. State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10. Accordingly, we begin with the prejudice prong.
 {¶ 16} Appellant contends that her counsel was ineffective because he allegedly failed to object on various occasions and to complete the record. Appellant speculates that she suffered prejudice because her counsel may not have adequately questioned the jury pool and because the jury heard hearsay evidence and improper argument. Yet, counsel's acts and omissions during voir dire will not constitute reversible error without proof that they affected the trial's outcome. State v.Taylor (Sept. 21, 1994), 9th Dist. No. 93CA005765, at *2. Similarly, the decision whether to object is within the realm of trial tactics, and a failure to do so does not amount to ineffective assistance of counsel.State v. Taylor, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76. Appellant must demonstrate that counsel's trial tactics prejudiced her, not merely speculate that counsel's allegedly deficient performance prejudiced the defense. See Bradley, 42 Ohio St.3d at 143. "Speculation is insufficient to establish the requisite prejudice." State v.Downing, 9th Dist. No. 22012, 2004-Ohio-5952, at ¶ 27.
 {¶ 17} After a thorough review of the record, we cannot conclude that Appellant has shown prejudice as a result of her counsel's performance. The State *Page 8 
presented solid expert medical testimony regarding Riley's cause of death. Appellant has not explained how any amount of objections as to other tangential evidence or arguments would have defeated this evidence. Appellant merely speculates. As such, Appellant's second assignment of error is overruled.
 Assignment of Error Number Three "WHETHER MELISSA DOVALA WAS DENIED HER RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN THE PROSECUTOR ENGAGED IN IMPROPER ARGUMENT AND OTHER MISCONDUCT IN VIOLATION OF THE (sic) ART. I, §§ 2, 10, AND 16
OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS."
 {¶ 18} Appellant argues that she was denied due process and a fair trial when the prosecutor: (1) argued facts not in the record; (2) presented matters not supported by admissible evidence; (3) denigrated defense counsel; (4) permitted inadmissible victim impact evidence; and (5) told the jury that they had a duty to convict. Appellant also claims her counsel was ineffective because he did not object to several of these items. We disagree.
 {¶ 19} The test for prosecutorial misconduct is whether the prosecutor's remarks were improper, and if so, whether they prejudicially affected the accused's substantial rights. State v.Moore (1998), 81 Ohio St.3d 22, 33, citing State v. Smith (1984),14 Ohio St.3d 13, 14. To establish prejudice, Appellant must show a reasonable probability that, but for the prosecutor's improper remarks, the result of the proceeding would have been different. State v.Loza (1994), 71 Ohio St.3d 61, 78. As with an ineffective assistance claim, the failure *Page 9 
to object to prosecutorial misconduct does not automatically prejudice Appellant because it may be justified as a tactical decision. State v.Gumm (1995), 73 Ohio St.3d 413, 428. Appellant bears the burden of demonstrating that the errors caused the result in her trial. SeeBradley, 42 Ohio St.3d at paragraph two of the syllabus.
 {¶ 20} Appellant alleges that she sustained prejudice because the prosecutor made several inferential comments without direct support, criticized her defense theory, framed Riley and his family in a favorable light, and delivered an arguably overzealous closing argument. Yet, the record simply does not support a finding of prosecutorial misconduct. Any finding of prosecutorial misconduct must be considered in light of the entire case. State v. Wittman, 9th Dist. No. 23291,2006-Ohio-6971, at ¶ 6. "Isolated comments by the prosecutor are not to be taken out of context and given their most damaging meaning."State v. Hill (1996), 75 Ohio St.3d 195, 204. Moreover, "the prosecutor is permitted to make fair comment on the credibility of witnesses based upon their testimony in open court." State v. Hodge (Oct. 18, 2000), 9th Dist. No. 98CA007056, at *7. We have reviewed the record in its entirety and find that the prosecutor's conduct did not prejudice Appellant. In the spirit of our adversarial system, both counsels clearly criticized the other's argument while praising their own. Yet, the jurors were told what evidence they could consider and what standards to apply. As such, Appellant has not shown that the prosecutor's conduct caused her conviction. See Bradley, 42 Ohio St.3d at paragraph two of the syllabus. *Page 10 
 {¶ 21} Similarly, Appellant's additional ineffective assistance argument must fail. We have already stressed that an attorney's decision as to whether or not to object at certain times during trial is presumptively considered a trial tactic or strategy. State v. Fisk, 9th Dist. No. 21196, 2003-Ohio-3149, at ¶ 9, citing State v. Phillips
(1995), 74 Ohio St.3d 72, 85. Appellant has done nothing to dispel the presumption. Appellant's third assignment of error is overruled.
 Assignment of Error Number Four "WHETHER THE TRIAL COURT ERRED IN ADMITTING HEARSAY EVIDENCE OF `TOP KNOWN CASES AND STUDIES' IN VIOLATION OF THE RULES OF EVIDENCE [AND] MELISSA DOVALA'S RIGHT TO CONFRONT THE WITNESSES AGAINST HER IN VIOLATION OF ART. I, §§ 2, 10, AND 16 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS."
 {¶ 22} Appellant argues that evidence elicited from the State's expert witnesses violated the evidentiary rules and her constitutional rights. First, Appellant claims that the admission of this evidence denied her the right to confront the witnesses against her. Second, Appellant claims that her trial counsel was ineffective because he did not object to this evidence. We disagree with both arguments.
 {¶ 23} An appellate court generally will not consider an alleged error if the accused did not raise the error with the trial court when it occurred. State v. Slagle (1992), 65 Ohio St.3d 597, 604. Here, Appellant did not raise the error with the trial court because her counsel did not object to the expert's responses. Appellant *Page 11 
presumptively relies on Crim.R. 52(B), which provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Yet, Appellant does not argue plain error in her brief Consequently, we decline to address her first argument.
 {¶ 24} As to her second argument, we once again find that Appellant has not shown prejudice as a result of her counsel's performance. Even if the trial court had sustained objections on the issues Appellant raises, we fail to see how the result in her trial would have changed. See Bradley, supra. The State's expert briefly and generally referenced "top known cases and studies" and "many studies" during direct examination.[1] However, the State also presented other unproblematic expert medical testimony and evidence. Appellant's bare statement *Page 12 
that the result would have been different does not make it so. Appellant's fourth assignment of error is overruled.
 Assignment of Error Number Five "WHETHER A CONVICTION MUST BE REVERSED WHEN THE CUMULATIVE EFFECT OF ERRORS DEPRIVES A DEFENDANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO A FAIR TRIAL."
 {¶ 25} Appellant alleges that the errors in her case, even if harmless, collectively amounted to cumulative error and deprived her of a fair trial. But to support a claim of cumulative error there must be multiple instances of harmless error. State v. Garner (1995),74 Ohio St.3d 49, 64. "Cumulative error is irrelevant without some finding of individual error." State v. Downing, 9th Dist. No. 22012,2004-Ohio-5952, at ¶ 69. Because we have found no error in Appellant's first four assignments of error, the doctrine of cumulative error is inapplicable here. Appellant's fifth assignment of error is overruled.
 Assignment of Error Number Six "MELISSA DOVAL A WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON HER APPEAL OF RIGHT TO THIS COURT IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS AND ART. I, §§ 2, 10, AND 16
OF THE OHIO CONSTITUTION."
 {¶ 26} Pursuant to App.R. 26(B)(7) and this Court's August 28, 2006 journal entry, Appellant argues that her representation by prior appellate counsel was deficient and that she was prejudiced by that deficiency. Upon review of the argument presented, we find that counsel was deficient in failing to timely file *Page 13 
Appellant's brief and that Appellant was prejudiced by that deficiency. Accordingly, we vacate our prior judgment of dismissal dated August 28, 2006.
 III {¶ 27} Appellant's first five assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 14 
Costs taxed to Appellant.
SLABY, P. J., MOORE, J., CONCUR
[1] We note that it is not error for a qualified medical expert to relay generic information, which forms the basis of his experience. So long as he is qualified, an expert may base his testimony on knowledge he acquired from study or practical experience. Campbell v. Quillin
(June 17, 1981), 9th Dist. No. 1025, at *3. We do not require him to testify as to every source upon which he bases his experience and knowledge in his field. On the contrary, an expert's value lies in his ability to condense years of study into a brief, informed opinion. *Page 1