{¶ 26} I respectfully disagree with my colleague's conclusion that the trial court erred in barring all of Dovala's claims on the basis of res judicata. Res judicata bars "further litigation of issues which were raised or could have been raised previously in an appeal." (Emphasis added.) State v. Cleveland, 9th Dist. No. 08CA009406, 2009-Ohio-397, at ¶ 48, citing State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The Ohio Supreme Court has recently reaffirmed its "long-standing precedent that any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, at ¶ 16. *Page 11 
 {¶ 27} On direct appeal, Dovala's second assignment of error alleged that she was "denied the effective assistance of counsel." State v.Dovala, 9th Dist. No. 05CA008767, 2007-Ohio-4914, at ¶ 14. There, she argued that trial counsel failed to adequately question the jury pool, that counsel permitted the jury to hear hearsay and improper arguments, and that counsel "failed to object on various occasions and to complete the record[.]" Dovala at ¶ 16. Dovala now seeks to supplement her direct appeal by arguing several additional bases upon which her counsel was ineffective, namely that her trial counsel failed to have an independent forensic examination performed; that counsel failed to present expert testimony to challenge the State's expert evidence; and that counsel failed to fully investigate her defense theory or to support it with expert evidence. All of these newly alleged errors, however, are based on facts that were known to and actionable by Dovala at the close of her trial. The fact that trial counsel failed to proffer any independent forensic exam or any expert testimony in support of her counsel's defense theories was certainly apparent when her trial concluded and was known to Dovala and her counsel when she initiated her direct appeal. Because these errors were evident on the record when her direct appeal was taken, she could have asserted those claims in conjunction with the other ineffective assistance claims she then alleged. See State v.Ruby, 9th Dist. No. 23219, 2007-Ohio-244, at ¶ 5-8 (concluding that res judicata barred defendant's claims of disproportionate sentencing because it could have been raised on direct appeal). Accordingly, I conclude that trial court was correct in concluding that Dovala's additional arguments to support her claim of ineffective assistance are barred by res judicata. Thus, I would overrule both of Dovala's assignments of error and affirm the trial court's judgment. *Page 1