[Cite as *Strinka v. Witten*, 2012-Ohio-539.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

BRIAN STRINKA

    Appellant

    v.

TOM WITTEN

    Appellee

C.A. No.      11CA009984

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     08CV157227

DECISION AND JOURNAL ENTRY

Dated: February 13, 2012

---

DICKINSON, Judge.

INTRODUCTION

{¶1}    Brian Strinka and Tom Witten strongly disagree about the factual circumstances surrounding this lawsuit. According to Mr. Strinka, Mr. Witten committed fraud and violated the Consumer Sales Practices Act by failing to properly repair his truck and misrepresenting various facts in the process. Mr. Witten denies all of Mr. Strinka's allegations and tells a very different story about Mr. Strinka's truck. When Mr. Witten failed to timely oppose a motion for summary judgment, the trial court ruled in favor of Mr. Strinka. Mr. Witten then moved for relief from that judgment, and the trial court granted it. Mr. Strinka has appealed. This Court affirms because Mr. Witten supported his motion with sufficient grounds for the trial court to reasonably conclude that he has a meritorious defense to the claims and that his failure to respond to the summary judgment motion was excusable neglect caused by his lawyer having withdrawn his representation just before the response deadline.

BACKGROUND

**{¶2}** In December 2006, Mr. Strinka took his truck to Affordable Auto Repair for a tune-up and some electrical work. According to Mr. Strinka, he spent the next year dealing with truck problems caused by Mr. Witten failing to adequately perform various repairs. Mr. Witten has testified that the truck had over 100,000 miles on it when this saga began and that he did his best to help Mr. Strinka keep it running. According to Mr. Witten, he performed all repairs appropriately, charged reasonable rates, and did not misrepresent anything. In June 2008, Mr. Strinka sued Mr. Witten, doing business as Affordable Auto Repair, for breach of contract, violations of the Consumer Sales Practices Act, and fraud.

**{¶3}** After Mr. Strinka obtained service and Mr. Witten failed to answer, Mr. Strinka moved for default judgment. The trial court entered default judgment against Mr. Witten, but later vacated it after Mr. Witten moved for relief from the judgment, arguing that he was not properly served.

**{¶4}** In August 2010, Mr. Strinka moved for summary judgment. The trial court established a deadline of September 28 for Mr. Witten's response. On September 10, Mr. Witten's lawyer moved to withdraw, and the trial court granted that motion on September 15. Six weeks later, on October 27, the trial court granted the pending summary judgment motion and entered judgment for Mr. Strinka in the amount of $39,050.45. Less than one month later, a different lawyer entered an appearance on behalf of Mr. Witten and moved for relief from judgment. At the hearing on the motion for relief from judgment, the parties agreed to submit the issue on the briefs, so the trial court did not take any additional evidence. The trial court later granted the motion for relief from judgment and vacated its October 27, 2010, judgment entry. Mr. Strinka has appealed that decision.

RELIEF FROM JUDGMENT

**{¶5}** Mr. Strinka's assignment of error is that the trial court incorrectly granted Mr. Witten's motion for relief from judgment. Unless a trial court's judgment is void, a motion to vacate or motion for relief from final judgment is governed by Rule 60(B) of the Ohio Rules of Civil Procedure. *EMC Mortgage Co. Inc. v. Atkinson*, 9th Dist. No. 25067, 2011–Ohio–59, at ¶2–3 (explaining that civil rules eliminated trial courts' common law authority to vacate or modify their judgments).

**{¶6}** Under Civil Rule 60(B), a trial court "may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged . . . ; or (5) any other reason justifying relief from the judgment." "The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment . . . was entered or taken." Civ. R. 60(B). Interpreting the rule, the Ohio Supreme Court has held that, "[t]o prevail on a motion brought under [Civil Rule] 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time . . . ." *GTE Automatic Elec. Inc. v. ARC Indus. Inc.*, 47 Ohio St. 2d 146, paragraph two of the syllabus (1976). Whether the neglect is excusable or inexcusable and whether the failure to oppose the summary judgment motion was inadvertent are factual determinations for the trial court. *Rose Chevrolet Inc. v. Adams*, 36 Ohio St. 3d 17, 20 (1988)). If the trial court's determination is supported by some evidence, this Court applies an abuse of discretion standard of review to those questions. *See id.*

## EXCUSABLE NEGLECT

{¶7} Mr. Strinka has argued that Mr. Witten's failure to timely oppose the summary judgment motion was part of a pattern of disregarding the judicial system and delaying justice. Mr. Witten has argued that the delay was due to excusable neglect because his lawyer withdrew from the case without warning or explanation while the summary judgment motion was pending, but before responding to it or even informing Mr. Witten of the response deadline. Mr. Witten submitted an affidavit in support of his motion for relief from judgment, testifying that he was unaware that the court had set a deadline for him to respond to the motion and that his response was delayed by his inability to obtain his case file from his former lawyer.

{¶8} Mr. Strinka has acknowledged that Mr. Witten's motion was timely filed, but has argued that, in order to serve the principles of justice, this Court must vacate the trial court's order because it gives Mr. Witten a third bite at the apple. Early in the case, Mr. Witten successfully moved for relief from judgment after the trial court rendered default judgment against him. The merits of that first motion for relief from judgment cannot be rehashed here, however, because Mr. Strinka did not appeal the trial court's ruling on that earlier motion. This appeal addresses only the merits of Mr. Witten's more recent motion for relief from judgment.

{¶9} Mr. Witten testified that, seven days after his lawyer first mentioned Mr. Strinka's motion for summary judgment to him via letter, the lawyer moved the court for permission to withdraw his representation. According to Mr. Witten, he did not learn of the motion to withdraw until the day the trial court granted it. At that time, he did not know that he had only two weeks to respond to the summary judgment motion.

{¶10} Mr. Witten testified by affidavit that, despite repeated attempts to contact his former lawyer, he did not receive a return call or a copy of his case file. He then contacted

another lawyer, Daniel Wightman, who told him to get the file from his former lawyer. Mr. Witten testified that he went to his former lawyer's office three times, but was turned away without the file. When he received a copy of a judgment entry from the trial court directing Mr. Strinka to file an affidavit of damages, he quickly gave it to Mr. Wightman.

{¶11} Mr. Wightman submitted an affidavit confirming that Mr. Witten asked him for help on or about October 20, 2010, and that he advised him to get the file from his former lawyer. According to Mr. Wightman, when he realized Mr. Witten could not get the file on his own, he called the former lawyer's office and arranged for Mr. Witten to pick up the file. Mr. Witten reported back to him that, despite that intervention, he still could not get his file. After Mr. Witten gave Mr. Wightman the trial court's entry regarding the request for an affidavit of damages, Mr. Wightman went to the trial court's chambers and to the clerk of courts in search of a copy of the motion for summary judgment. He could not find the motion in the court's file. The trial court granted summary judgment on October 27, and Mr. Witten testified that he received a copy of that entry on October 30.

{¶12} Mr. Witten testified that, once the trial court granted summary judgment, he was advised to consult a different lawyer, Brent English. Mr. Witten testified that he contacted Mr. English on November 4, 2010. On November 22, Mr. English filed a notice of appearance and, the next day, he moved for relief from judgment.

{¶13} The conduct Mr. Witten and Mr. Wightman describe is not indicative of a complete disregard for the judicial system and the rights of Mr. Strinka. According to Mr. Witten, when he learned that his lawyer had moved to withdraw from the case, he began trying to contact the lawyer's office, but was not successful. Less than five weeks later, he gave up and consulted Mr. Wightman. Although Mr. Wightman tried to help Mr. Witten get his file from the

former lawyer, he was also unsuccessful. He could not even locate a copy of the summary judgment motion by tracking down the file at the courthouse. Just seven days after Mr. Wightman learned of the problem, the trial court granted summary judgment to Mr. Strinka. According to his affidavit, Mr. Witten contacted Mr. English five days after he learned that the trial court had entered judgment against him. Two weeks later, Mr. English entered an appearance and moved for relief from that judgment. On this basis, the trial court could have reasonably concluded that Mr. Witten's neglect in failing to timely oppose the summary judgment motion was excusable.

MERITORIOUS CLAIM OR DEFENSE

**{¶14}** Mr. Strinka has also argued that Mr. Witten failed to demonstrate that he had a meritorious claim or defense to present. "[Civil Rule] 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." *Kay v. Marc Glassman Inc.*, 76 Ohio St. 3d 18, 20 (1996). A party moving under Civil Rule 60(B) is only required to "allege a meritorious defense, not . . . prove that he will prevail on [it]." *Rose Chevrolet Inc. v. Adams*, 36 Ohio St. 3d 17, 20 (1988).

**{¶15}** Mr. Strinka's claims against Mr. Witten are all based on his allegations that he had been without his truck for approximately six months out of twelve while Mr. Witten repeatedly returned it without successfully completing the necessary repairs. In the end, according to Mr. Strinka, he was left with a "non-drivable vehicle that had lost most of its value." Mr. Witten has refuted most of Mr. Strinka's factual allegations and has asserted eight affirmative defenses. Mr. Witten has testified by affidavit that he completed each repair in a workmanlike manner only after quoting a reasonable price and receiving Mr. Strinka's permission to proceed. Thus, the allegations are completely dependent on facts that Mr. Witten

has specifically denied. If Mr. Witten can prove his side of the story is true, he would have a meritorious defense to each of Mr. Strinka's claims. He need not prove those defenses at this point. Under Rule 60(B) of the Ohio Rules of Civil Procedure, his only burden is to allege a meritorious defense. *Rose Chevrolet Inc. v. Adams*, 36 Ohio St. 3d 17, 20 (1988). Mr. Witten has carried that burden. The trial court's decision to grant Mr. Witten relief from judgment was supported by sufficient grounds as required by Civil Rule 60(B) and *GTE Automatic Electric Inc. v. ARC Industries Inc.*, 47 Ohio St. 2d 146, paragraph two of the syllabus (1976). Mr. Strinka's assignment of error is overruled.

CONCLUSION

{¶16} Mr. Strinka's assignment of error is overruled because Mr. Witten's motion for relief from judgment was supported by sufficient grounds for the trial court to reasonably conclude that he had a meritorious defense and that his failure to timely oppose summary judgment was due to excusable neglect. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR

APPEARANCES:

JACK MALICKI, Attorney at Law, for Appellant.

BRENT L. ENGLISH, Attorney at Law, for Appellee.