[Cite as *State v. Dovala*, 2014-Ohio-2331.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

MELISSA DOVALA

    Appellant

C.A. No.    13CA010440

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    04 CR 65395

DECISION AND JOURNAL ENTRY

Dated: June 2, 2014

WHITMORE, Judge.

{¶1} Appellant, Melissa Dovala, appeals from the judgment of the Lorain County Court of Common Pleas, denying her motion for relief from judgment. This Court reverses.

I

{¶2} In July 2005, Dovala was convicted of felony murder, felonious assault, child endangering, and involuntary manslaughter for the death of R.S., a five-month-old in her care. *State v. Dovala*, 9th Dist. Lorain No. 05CA008767, 2007-Ohio-4914, ¶ 6. The trial court merged the involuntary manslaughter conviction with the felony murder conviction and sentenced Dovala to a prison term of 15 years to life. *Id*. Dovala appealed her convictions, and this Court affirmed. *Id*. at ¶ 27.

{¶3} Subsequently, Dovala filed a petition for post-conviction relief ("PCR"). The trial court found that all of her claims were barred by res judicata, and it dismissed her petition. This Court reversed in part, concluding that three of her claims were not barred by res judicata. *State*

*v. Dovala*, 9th Dist. Lorain No. 08CA009455, 2009-Ohio-1420, ¶ 25. Specifically, this Court remanded for the trial court to consider "whether [Dovala's] trial counsel were ineffective because they had failed to: (1) fully prepare for trial and investigate the State's case; (2) present any expert testimony to contradict the State's expert; and (3) fully investigate their theory of her defense and support it with expert evidence." *State v. Dovala*, 9th Dist. Lorain No. 10CA009896, 2011-Ohio-3110, ¶ 2, citing *State v. Dovala*, 9th Dist. Lorain No. 08CA009455, 2009-Ohio-1420, ¶ 21.

{¶4} On remand, the trial court held a hearing during which three witnesses testified on Dovala's behalf. *Id.* at ¶ 2. Additionally, the trial court admitted transcripts of deposition testimony from Dovala and her lead trial counsel, James Burge, into evidence. *Id.* In his deposition, Burge testified that he sought the opinion of a neurologist, Tom Watson, in his preparation for trial and that this neurologist confirmed that the injury sustained by R.S. was "an inflicted injury with the onset of symptoms which would have occurred very quickly." In August 2010, the trial court denied Dovala's PCR, and this Court affirmed in June 2011. *Id.* at ¶ 23.

{¶5} In January 2013, Dovala filed a motion for relief from judgment, seeking to set aside the trial court's entry denying her PCR. In support of her motion, Dovala attached an affidavit of Dr. Thomas Swanson. In 2012, Dovala discovered that the neurologist Burge testified to consulting was Dr. Swanson, not a Dr. Tom Watson. In his affidavit, Dr. Swanson states that he never discussed Dovala's case with Burge and never rendered a medical opinion. The State filed a memorandum in opposition to Dovala's motion and attached an affidavit of Burge. In his affidavit, Burge states that he did not formally consult with Dr. Swanson, but that

Dr. Swanson did provide an unofficial opinion to his co-counsel, Laura Perkovic, who was at that time married to Dr. Swanson.

{¶6} On March 22, 2013, the trial court held a hearing and granted Dovala's motion to expand the record with a deposition of Perkovic. Perkovic was subsequently deposed, and a transcript was filed with the trial court. In June 2013, without holding an additional hearing, the court denied Dovala's motion for relief from judgment. Dovala now appeals from that order and raises one assignment of error for our review.

II

Assignment of Error

THE JUDGMENT OF THE TRIAL COURT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, AND CONSTITUTES AN ABUSE OF JUDICIAL DISCRETION. FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION. (Sic.)

{¶7} In her sole assignment of error, Dovala argues that the court abused its discretion in denying her motion for relief from judgment based on newly discovered evidence that her trial counsel did not consult with a neurologist, which contradicted his previous testimony.

{¶8} "The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *State v. Hulgin*, 9th Dist. Summit No. 26719, 2013-Ohio-2794, ¶ 7, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion indicates that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} Civ.R. 60(B) allows a court to relieve a party from a final judgment, order, or proceeding under certain circumstances. Such circumstances include: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due

diligence could not have been discovered in time to move for a new trial * * *; (3) fraud * * *; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

**Grounds for Relief Under Civ.R. 60(B)(5)**

{¶10} "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. The moving party must have substantial grounds to properly invoke Civ.R. 60(B)(5). *Id.* at paragraph two of the syllabus. "Relief under Civ.R. 60(B)(5) should only be granted for an 'extraordinary and unusual case[.]'" *Parkhurst v. Snively*, 9th Dist. Medina No. 3179-M, 2001 WL 1192745, *2, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist.1974).

{¶11} One extraordinary circumstance which may form the basis for relief under Civ.R. 60(B)(5) is when a judgment is obtained by fraud upon the court. *Coulson v. Coulson*, 5 Ohio St.3d 12, 15-16 (1983) (fraud upon the court is distinguishable from fraud or misrepresentation by an adverse party covered under Civ.R. 60(B)(3)). However, a party does not necessarily have to establish fraud upon the court to gain relief under Civ.R. 60(B)(5). *See, e.g., Sell v. Brockway*,

7th Dist. Columbiana No. 11 CO 30, 2012-Ohio-4552. Instead, a party may be entitled to relief from judgment if there are "unusual circumstances that were not disclosed to all parties at the time of judgment, and which inherently affect[] the accuracy and reliability of the trial court's judgment." *In re J.W.*, 9th Dist. Summit No. 26874, 2013-Ohio-4368, ¶ 30.

{¶12} Dovala filed her Civ.R. 60(B) motion in January 2013 and attached an affidavit of Dr. Swanson. After the briefing was completed, the court held a hearing on March 22, 2013, and granted Dovala's request to depose Perkovic and expand the record with a transcript of her deposition. Perkovic was deposed in April, and the transcript was filed with the court in May. The court entered its judgment denying Dovala's motion for relief from judgment on June 13, 2013.

{¶13} The court stated in its judgment that it had "examined and compared the conflicting affidavits and depositions of [] James Burge, Laura Perkovic[,] and Dr. Thomas Swanson." However, there is no discussion of Perkovic's deposition, which occurred after both the briefing and the hearing. In its entry the court carefully summarized the testimony of both Burge and Dr. Swanson, but made no mention of Perkovic's.

{¶14} Even assuming the court did properly consider Perkovic's testimony, we cannot conclude that the court fully considered whether extraordinary or unusual circumstances (beyond fraud) warranted Dovala relief under Civ.R. 60(B)(5). The court found that Burge did not "attempt[ ] to defile the [c]ourt by misrepresenting material facts * * *." However, this finding does not necessarily preclude a finding that the circumstances permitted relief under Civ.R. 60(B)(5). The necessary inquiry is whether the circumstances surrounding Burge's statements, regarding his efforts to procure a medical opinion in light of the subsequent testimony of Dr.

Swanson and Ms. Perkovic, "inherently affected the accuracy and reliability of the trial court's judgment." *See In re J.W.*, 2013-Ohio-4368, at ¶ 30.

{¶15} Additionally, the court found the testimony of Dr. Swanson and Perkovic to be "merely cumulative." This conclusion is not supported by the record. Burge's prior testimony was that Dr. Swanson rendered an opinion that was consistent with the State's medical experts (namely, that the injury was inflicted and that the onset symptoms would have occurred very quickly). Dr. Swanson and Perkovic now directly contradict this evidence and maintain that Dr. Swanson did not render any medical opinion, officially or unofficially. Burge now asserts that while he did not personally consult with Dr. Swanson, Dr. Swanson did relay his unofficial medical opinion to Perkovic, and that Perkovic, in turn, relayed that opinion to him. Again, Dr. Swanson and Perkovic deny any medical opinion was rendered or relayed to Burge. In the trial court's denial of Dovala's PCR, the court found that Burge was not ineffective, in part, because he had consulted with a neurologist. Dr. Swanson's affidavit and Perkovic's deposition, if believed, undermine the court's rationale and cannot be said to provide "merely cumulative" evidence.[1]

{¶16} The court did not fully analyze whether Dovala was entitled to relief under Civ.R. 60(B)(5). Further, the court's finding that the testimony of Dr. Swanson and Perkovic was merely cumulative evidence is not supported by the record. Therefore, we conclude that the trial court abused its discretion in denying Dovala's Civ.R. 60(B) motion.

---

[1] We note that credibility determinations are generally within the purview of the trier of fact and will not be disturbed if supported by some competent and credible evidence. *See Ati Performance Prods., Inc. v. Stevens*, 4th Dist. Hocking No. 12CA6, 2013-Ohio-1313, ¶ 7. However, neither Burge, Dr. Swanson, nor Perkovic testified in person. Moreover, the trial court made no statement in its judgment entry that would allow us to conclude that it found Burge's affidavit more credible than the testimony of Dr. Swanson and Perkovic.

**Meritorious Defense**

{¶17} In addition to asserting a claim for relief under Civ.R. 60(B)(1) through (5), the moving party must also allege a meritorious defense. *GTE Automatic Elec., Inc*, 47 Ohio St.2d at paragraph two of the syllabus. The trial court found that the newly discovered evidence would not have "necessarily" changed the court's finding that Dovala was not entitled to PCR. However, a moving party is only required to "allege a meritorious defense, not * * * prove that he will prevail on [it]." *Strinka v. Witten*, 9th Dist. Lorain No. 11CA009984, 2012-Ohio-539, ¶ 14, quoting *Rose Chevrolet Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). To the extent that the trial court denied Dovala's motion for relief from judgment because she did not establish that she would prevail on her alleged defense, the court abused its discretion. *See PC Surveillance.Net, LLC v. Rika Group, Corp.*, 7th Dist. Mahoning No. 11 MA 165, 2012-Ohio-4569, ¶ 61 (court abused its discretion in analyzing whether the moving party could prevail on their defense, rather than whether they alleged operative facts to support a meritorious defense).

{¶18} For the foregoing reasons, Dovala's assignment of error is sustained.

## III

{¶19} Dovala's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

BARRY W. WILFORD and SARAH M. SCHREGARDUS, Attorneys at Law, for Appellant.

TIMOTHY J. MCGINTY, Prosecuting Attorney, and T. ALLAN REGAS and BRENT KIRVEL, Assistant Prosecuting Attorneys, for Appellee.