DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} A jury convicted Melissa Dovala of murdering a baby who was in her care, and this Court affirmed her convictions on appeal. While her appeal was pending, Ms. Dovala petitioned for postconviction relief. The trial court dismissed her petition because it concluded that her claims were barred by the doctrine of res judicata. This Court reverses in part because some of Ms. Dovala's claims could not have been raised on direct appeal based on the information contained in the original record.
 FACTS {¶ 2} On the morning of February 6, 2004, Eileen Smath left her 5-month-old son Riley with Ms. Dovala, who provided daycare for several children who were up to 9 years old. When she picked Riley up around 5:00 p.m., he looked lifeless and appeared blue. Although Ms. Smath drove him straight to the hospital, by the time they arrived, Riley did not have a pulse and *Page 2 
the emergency room staff could not revive him. The Lorain County Coroner determined that the cause of death was blunt impact trauma to the head and that the time between the injury and death was three to five hours.
 {¶ 3} The Grand Jury indicted Ms. Dovala for murder, felony murder, felonious assault, endangering children, and involuntary manslaughter. At the end of her trial, the State dismissed the murder charge. The jury found Ms. Dovala guilty of felony murder, felonious assault, endangering children, and involuntary manslaughter, and the trial court sentenced her to 15 years to life in prison.
 {¶ 4} Ms. Dovala appealed, assigning six errors. She argued that the trial court incorrectly allowed the jury to watch a videotape outside her presence, that her trial lawyers were ineffective, that the prosecutor committed misconduct, that the trial court incorrectly admitted hearsay evidence, that the cumulative effect of the errors deprived her of a fair trial, and that her original appellate lawyers were ineffective. On September 24, 2007, this Court affirmed her convictions.
 {¶ 5} Ms. Dovala, meanwhile, petitioned for postconviction relief, raising six claims. She argued that her trial lawyers were ineffective because they failed to fully prepare for trial, failed to fully investigate the State's case, failed to obtain an independent forensic evaluation, failed to present expert testimony to contest the State's expert witnesses, failed to fully investigate their theory of the case and develop it with expert testimony, failed to ensure an adequate record for appeal, and failed to object to the admission of the videotape. She also argued that she was denied the right to be present at a critical stage of the trial because the jury watched the videotape outside her presence. *Page 3 
 {¶ 6} The trial court determined that this Court had rejected Ms. Dovala's videotape and videotape-related ineffective assistance claims on direct appeal. It, therefore, concluded that those claims were barred under the doctrine of res judicata. It further determined that Ms. Dovala could have raised her other ineffective assistance claims on direct appeal and that, therefore, those claims were also barred under the doctrine of res judicata. Accordingly, it dismissed her petition. Ms. Dovala has appealed, assigning two errors.
 RES JUDICATA {¶ 7} Ms. Dovala's first assignment of error is that the trial court incorrectly applied the doctrine of res judicata to her claims. She has argued that res judicata does not bar her claims because she supported them with evidence from outside the record.
 {¶ 8} "Under the doctrine of res judicata, a final judgment of conviction bars a . . . defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised . . . on an appeal from that judgment."State v. Perry, 10 Ohio St. 2d 175, paragraph nine of the syllabus (1967). "Res judicata applies if the petition for post-conviction relief does not include any material dehors the record in support of the claim for relief." State v. Cureton, 9th Dist. Nos. 03CA0009-M, 03CA0010-M,2003-Ohio-6010, at ¶ 15. Accordingly, for Ms. Dovala "[t]o survive preclusion by res judicata, [she had to] produce new evidence that would render the judgment void or voidable and . . . show that [s]he could not have appealed the claim based upon information contained in the original record." State v. Nemchik, 9th Dist. No. 98CA00729, 2000 WL 254908 at *1 (Mar. 8, 2000) (emphasis in original).
 {¶ 9} Ms. Dovala made six claims in her petition, five alleging ineffective assistance of her trial lawyers. Her other claim was that she "was denied the right to be present at a critical *Page 4 
stage of the trial by the admission of a videotape as evidence without presenting the videotape in the courtroom." Regarding her videotape claim, the trial court correctly concluded that she made the same claim on direct appeal. This Court denied that claim, concluding that "the trial court's refusal to play the videotape [in open court] was neither a constitutional error, nor a prejudicial one." State v. Dovala, 9th Dist. No. 05CA008767, 2007-Ohio-4914, at ¶ 13.
 {¶ 10} Ms. Dovala has argued that her videotape claim is not barred because she submitted evidence from outside the record that, according to her, establishes that the jury watched the tape during its deliberations. "Presenting evidence outside the record[, however,] does not automatically defeat the doctrine of res judicata." State v.Stallings, 9th Dist No. 19620, 2000 WL 422423 at *1 (Apr. 19, 2000) (citing State v. Lawson, 103 Ohio App. 3d 307, 315 (1995)). "Such evidence `must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of Perry by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim[.]'" Id. (quoting Lawson,103 Ohio App. 3d at 315). Evidence outside the record "must demonstrate that the claims advanced in the petition could not have been fairly determined on direct appeal based on the original trial court record without resorting to evidence outside the record." Id.
 {¶ 11} Ms. Dovala has not established that her evidence that the jury actually viewed the videotape changes her claim. This Court noted in its decision that the trial court had given "the tape directly to the jury during deliberations." Dovala, 2007-Ohio-4914, at ¶ 8. It determined, however, that, since the tape had been marked as an exhibit, it was a public record available for public viewing. It noted that Ms. Dovala's lawyers had reviewed the tape and discussed relevant parts of it during the trial. It also noted that the tape "merely corroborate[d] the testimony extrapolated at trial." Id. at ¶ 13. This Court concluded that the tape "was not a critical portion of *Page 5 
the State's case or an item that would have assured [Ms. Dovala's] acquittal." Id. Whether the jury actually watched the tape does not affect the merits of her claim. The trial court, therefore, properly concluded that Ms. Dovala's videotape claim was barred by res judicata.
 {¶ 12} Regarding Ms. Dovala's ineffective assistance claims, one was that her trial lawyers were deficient because they allowed "the admission of a videotape as evidence without presenting the videotape in the courtroom." On direct appeal, she also argued that her lawyers were deficient because they had allowed the jury to view the tape during its deliberations, even though it had not been played in open court. The evidence she presented does not establish that her postconviction relief claim is different from the one she raised on direct appeal. Accordingly, the trial court properly concluded that it was barred by res judicata.
 {¶ 13} Ms. Dovala's remaining ineffective assistance of counsel claims were not raised on direct appeal. The trial court concluded, however, that they could have been raised. In State v. Cole, 2 Ohio St. 3d 112 (1982), the Ohio Supreme Court held that, "[w]here [a] defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, resjudicata is a proper basis for dismissing defendant's petition for postconviction relief." Id. at syllabus.
 {¶ 14} Three of Ms. Dovala's claims were based on the same outside evidence. Her first claim was that her trial lawyers failed to fully prepare for trial, failed to fully investigate the State's case, and failed to obtain an independent forensic evaluation. Her second claim was that her lawyers failed to present expert testimony to challenge the State's expert evidence. Her third claim was that her lawyers failed to fully investigate their theory of the case and support it with expert testimony. *Page 6 
 {¶ 15} To succeed on her claims, Ms. Dovala would have to show that her lawyers' performance was deficient and that she was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish that her lawyers were deficient, she would have to show that their representation "fell below an objective standard of reasonableness." Id. at 688. To establish prejudice, she would have to show that there is a reasonable probability that, but for her lawyers' errors, the result of her trial would have been different. Id. at 694;State v. Bradley, 42 Ohio St. 3d 136, paragraph three of the syllabus (1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.
 {¶ 16} In support of her claims, Ms. Dovala submitted the affidavit of a board-certified neurologist who opined that Riley's skull fracture was caused by compression rather than blunt force trauma. He indicated that, in light of Riley's age, the injury would not have required much force and could have been caused by someone as young as 4 years old. He opined that there was no medical reason why Riley's head injury necessarily occurred just a couple hours before his death. He also opined that there was no reasonable medical basis to suggest that Riley's skull injury was caused at birth or was the result of force or pressure emanating from within the skull, as had been argued by Ms. Dovala's lawyers.
 {¶ 17} Ms. Dovala also submitted the affidavit of a lawyer who opined that, if her lawyers had properly investigated her case, they would have been able to contest the State's expert regarding the cause of Riley's injury and the time of his death and present expert testimony to dispute the State's theory of the cause of the injury and the manner of death. The lawyer also opined that, although Ms. Dovala's lawyers had "attempted to present a theory of gene point mutation which produced a weakness in the skull which resulted in a progressive crack," they "failed to fully investigate this theory and failed to present expert testimony to *Page 7 
support [it]." He concluded that the errors he identified "had a reasonable probability of affecting . . . the trial."
 {¶ 18} "Generally, the introduction in an R.C. 2953.21 petition of evidence dehors the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of res judicata." Cole, 2 Ohio St. 3d at 114. The evidence submitted by Ms. Dovala, if true, suggests that her lawyers did not fully investigate the State's case, that they could have obtained a medical expert who would have offered an alternative explanation for Riley's injuries and cause of death, and that their theory of the case was unsupported by any reasonable medical basis. This Court concludes that Ms. Dovala has established that her ineffective assistance claims based on the doctor's and lawyer's affidavits could not fairly have been determined based on the original record or without resort to evidence outside the record. The trial court, therefore, incorrectly concluded that they were barred by res judicata.
 {¶ 19} Ms. Dovala's other ineffective assistance claim was that her trial lawyers failed "to ensure that an adequate record was made on which appellate counsel could properly provide effective assistance." She submitted affidavits from her original appellate lawyers who indicated that the record did not identify which jurors were being questioned during voir dire. They argued that identification of the jurors was necessary to determine whether those who had obvious biases had been excused. They also indicated that a home answering machine message that was played for the jury was not transcribed, that it was unclear whether the jury watched the entire videotape, that the trial transcript did not include all of the prosecutor's closing argument, and that the record did not contain any information regarding a question that the jury had asked the court and that the court had answered. *Page 8 
 {¶ 20} Although Ms. Dovala has supported her argument with affidavits from outside the record, she has failed to establish that her claims could not have been raised on direct appeal. The affidavits she has relied on were also submitted as part of a motion to supplement the record that she filed in her direct appeal. Accordingly, to the extent that her trial lawyers were ineffective for failing to ensure an adequate record, she has not established that she could not have made those claims on direct appeal.
 {¶ 21} This Court concludes that the trial court incorrectly determined that Ms. Dovala's claims that her trial lawyers were ineffective because they failed to fully prepare for trial, failed to fully investigate the State's case, failed to obtain an independent forensic evaluation, failed to present expert testimony to challenge the State's expert evidence, failed to fully investigate their theory of the case, and failed to support their theory of the case with expert testimony were barred under the doctrine of res judicata. To the extent Ms. Dovala's first assignment of error is based on those claims, it is sustained. To the extent it is based on her claims that the videotape was not played in the courtroom, that her trial lawyers were ineffective by not having the tape played in the courtroom, or that her trial lawyers were ineffective by failing to ensure that the record was adequate, it is overruled.
 EVIDENTIARY HEARING {¶ 22} Ms. Dovala's second assignment of error is that the trial court incorrectly dismissed her petition without holding a hearing. Her argument is premature.
 {¶ 23} "A hearing is not automatically required for every petition for post-conviction relief." State v. Ferko, 9th Dist. No. 20608,2001 WL 1162835 at *2 (Oct. 3, 2001). Section 2953.21(C) of the Ohio Revised Code provides that, "[b]efore granting a hearing on a petition [for postconviction relief], the court shall determine whether there are substantive grounds for *Page 9 
relief." The court must determine "whether there are grounds to believe that `there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.'" State v. Calhoun,86 Ohio St. 3d 279, 283 (1999) (quoting R.C. 2953.21(A)(1)). Regarding Ms. Dovala's surviving ineffective assistance of counsel claims, she "bears the initial burden . . . to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness."State v. Jackson, 64 Ohio St. 2d 107, 111 (1980).
 {¶ 24} "In postconviction cases, a trial court has a gatekeeping role as to whether a defendant will . . . receive a hearing." State v.Gondor, 112 Ohio St. 3d 377, 2006-Ohio-6679, at ¶ 51. Because the trial court incorrectly concluded that all of Ms. Dovala's claims were barred by res judicata, it has not yet reviewed her petition to determine whether it establishes any "substantive grounds for relief." R.C. 2953.21(C). Her second assignment of error is overruled.
 CONCLUSION {¶ 25} The trial court incorrectly concluded that all of Ms. Dovala's claims were barred under the doctrine of res judicata. The judgment of the Lorain County Common Pleas Court is reversed in part and this matter is remanded for further proceedings consistent with Section 2953.21 of the Ohio Revised Code.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal. *Page 10 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to both parties equally.
BELFANCE, J. CONCURS