[Cite as *State v. Griffin*, 2016-Ohio-2988.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 14CA010680 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| PATRICK W. GRIFFIN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 10CR080110 |

DECISION AND JOURNAL ENTRY

Dated: May 16, 2016

WHITMORE, Judge.

{¶1} Appellant Patrick Griffin appeals from a decision of the Lorain County Court of Common Pleas denying his petition for postconviction relief. We affirm.

I

{¶2} Police discovered the body of Alberto Gutierrez in a ditch on Thanksgiving morning in 2009. The police soon identified Griffin as a person of interest. Griffin lived across the hall from Gutierrez in the same apartment complex and his cell phone number was the last number dialed on the victim's cell phone. The police discovered that Griffin lied about his whereabouts around the time of the murder and that his cell phone and car were in the approximate vicinity of the murder scene near Gutierrez's estimated time of death. Forensic testing uncovered gunshot residue on a glove in Griffin's car as well as primer residue in his car and on the cuff of his jacket.

{¶3} A grand jury indicted Griffin on counts of aggravated murder, murder, felony murder, felonious assault, and having weapons under disability. All of the counts also contained an attendant firearm specification. Four of the counts contained repeat violent offender specifications.

{¶4} The matter proceeded to a jury trial. Griffin was represented by counsel at trial. The jury found Griffin guilty on all counts. The trial court imposed a sentence of 43 years to life in prison.

{¶5} Griffin filed a direct appeal to this Court. He was represented by new counsel on appeal. We affirmed Griffin's conviction. *State v. Griffin*, 9th Dist. Lorain No. 11CA010128, 2013-Ohio-416.

{¶6} Griffin filed a pro se petition for postconviction relief in the trial court. The trial court denied the petition without an evidentiary hearing. Griffin appeals. He asserts three assignments of error for our review. We consider his assignments of error together for ease of analysis.

## II

### Assignment of Error One

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT HELD THAT GRIFFIN PRESENTED NO RELIABLE EVIDENCE TO SUPPORT A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

### Assignment of Error Two

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT HELD THAT GRIFFIN'S TRIAL COUNSEL PERFORMED EFFECTIVE ASSISTANCE OF COUNSEL.

### Assignment of Error Three

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT GRANTING APPELLANT-GRIFFIN AN EVIDENTIARY HEARING.

{¶7} In his assignments of error, Griffin argues that the trial court erred and abused its discretion (1) in denying his petition for postconviction relief asserting ineffective assistance of counsel and (2) in ruling on the petition without first holding an evidentiary hearing. We disagree.

{¶8} An appellate court reviews a trial court's denial of a petition for postconviction relief without a hearing under an abuse of discretion standard. *State v. Houser*, 9th Dist. Summit No. 21555, 2003-Ohio-6811, ¶ 12. An appellate court will not substitute its judgment for that of the court of common pleas unless the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} Griffin's petition for postconviction relief contained seven grounds for relief, including a claim of ineffective assistance of counsel. Regarding Griffin's claim for ineffective assistance, the trial court found that Griffin "presented no evidence, other than his own personal statements, that was not available to him prior to the jury trial." The court held that Griffin's ineffective assistance claim was barred by *res judicata* because Griffin could have argued it on direct appeal. The trial court also held in the alternative that, even if the court were to fully consider Griffin's argument, he "presented no reliable evidence" to support his allegation of ineffective assistance of counsel.

{¶10} On appeal Griffin argues that the trial court erred in applying the doctrine of *res judicata* to his ineffective assistance of counsel claim. He also argues that he provided reliable evidence to support his claim.

{¶11} Griffin asserts that his trial counsel was ineffective because he failed to prepare for trial, did not properly investigate, and neglected to present "exculpatory evidence" and "known credible witnesses." Specifically, he contends that his counsel: (1) did not call a private

investigator who had worked on the matter to testify; (2) did not retain or call to the stand a cell phone expert regarding the location of his cell phone on the night of the murder; and (3) did not call to the stand a witness who lived close to the location where the body was found. Griffin claims also that the prosecutor and police presented false testimony at trial, although it is unclear whether and how Griffin intends for this allegation to form part of his ineffective assistance of counsel claim. Griffin asserts that he was entitled to a hearing on his petition for postconviction relief.

{¶12} "Under the doctrine of *res judicata¸* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial * * * or on [direct appeal]." *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. "It is well-settled that, 'pursuant to *res judicata*, a defendant cannot raise an issue in a [petition] for postconviction relief if he or she could have raised the issue on direct appeal.'" (Alteration sic.) *State v. Phillips*, 9th Dist. Summit No. 20692, 2002 WL 274637, *3 (Feb. 27, 2002), quoting *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997). Accordingly, to avoid preclusion by *res judicata*, a petitioner must produce new evidence that would make the judgment void or voidable, and must also demonstrate that he could not have appealed the claim based upon information contained in the original record. *Phillips* at *3. When the issue of competent trial counsel could have been determined on direct appeal without resort to evidence outside of the record, *res judicata* is a proper basis to dismiss a petition for postconviction relief. *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus, *State v. Lentz*, 70 Ohio St.3d 527, 530 (1994).

{¶13} Griffin has not presented any new evidence to support his ineffective assistance of counsel claim. His claim instead depends on evidence drawn from the trial court record or evidence that was available to him at the time of trial. Griffin attached to his petition a lab report that was submitted into evidence. He also attached excerpts from police reports that were included in discovery and thus were made part of the record. Questions that Griffin wanted his trial counsel to ask were marked as an exhibit by the trial court for purposes of appeal. Moreover, Griffin's claim that the prosecutor and police presented false testimony at trial depends on testimony in the trial record. In addition, the investigator report Griffin submitted with his petition was available to Griffin at the time of trial and at the time of his direct appeal. Although not a part of the trial record, this evidence does not defeat the doctrine of *res judicata* because it does not meet the "'threshold standard of cogency'" necessary to overcome the doctrine. *State v. Dovala*, 9th Dist. Lorain No. 08CA009455, 2009-Ohio-1420, ¶ 10, quoting *State v. Stallings*, 9th Dist. Summit No. 19620, 2000 WL 422423, *1 (Apr. 19, 2000). Griffin does not make any cogent argument, nor is it apparent from the report itself, why this evidence "demonstrate[s] that the claims advanced in the petition could not have been fairly determined on direct appeal based on the original trial court record." *Stallings* at *1. Further, Griffin's affidavit composed of general conclusory statements without any supporting evidence is insufficient to constitute new evidence that would bar application of the *res judicata* doctrine. *See State v. Shirey*, 9th Dist. Summit No. 20930, 2002-Ohio-4151, ¶ 16. Accordingly, Griffin attempts to advance arguments that he could have raised on direct appeal. As such, *res judicata* was a proper basis for the trial court to dismiss Griffin's petition for postconviction relief. *See Dovala* at ¶ 13; *State v. Keenan*, 9th Dist. Summit No. 20633, 2002 WL 57999, *2 (Jan. 16, 2002).

{¶14} Contrary to his position, Griffin was not entitled to a hearing prior to the dismissal of his petition on *res judicata* grounds. *Res judicata* is a proper basis upon which to dismiss a petition for postconviction relief without a hearing. *Cole* at 113; *Shirey* at ¶ 16.

{¶15} We find that the trial court properly dismissed Griffin's petition for postconviction relief without a hearing on the basis of *res judicata*. Accordingly, we need not examine whether Griffin presented reliable evidence in support of his claim of ineffective assistance of counsel. Because the trial court did not abuse its discretion in dismissing Griffin's petition for postconviction relief as barred by *res judicata*, Griffin's assignments of error are overruled.

III

{¶16} Griffin's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

PATRICK W. GRIFFIN, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.