[Cite as *In re D.J.*, 2020-Ohio-3528.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: D.J.

C.A. No.     29119

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DL 11 11 2532

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

CALLAHAN, Presiding Judge.

{¶1}   Appellant, D.J., appeals the decision of the Summit County Court of Common Pleas, Juvenile Division, that dismissed his petition for postconviction relief without a hearing. This Court affirms in part and reverses in part.

I.

{¶2}   In 2012, D.J. was adjudicated delinquent by virtue of committing rape, a violation of R.C. 2907.02(A)(1)(b), and murder, a violation of R.C. 2903.02(B).  The charges arose out of the rape and subsequent death of D.J.'s three-year-old sister, M.R.J., following a period of time in which she was in his care.  D.J. was fifteen years old at the time of the offense.  The juvenile court found that D.J. was a serious youthful offender and committed him to the custody of the Ohio Department of Youth Services ("ODYS") through his twenty-first birthday.  The juvenile court also imposed an adult sentence on the rape charge of life imprisonment with parole eligibility after twenty-five years, but stayed the adult portion of the sentence pending D.J.'s completion of the

juvenile disposition. D.J. filed, but voluntarily dismissed, an appeal from his adjudication and disposition.

{¶3} During the juvenile portion of his disposition, D.J. appeared before the juvenile court for periodic dispositional reviews. During these reviews, the juvenile court made findings that reflected a mixed view of his progress. On October 7, 2016, the State moved to invoke the adult portion of D.J.'s sentence, arguing that he had not engaged in sex offender treatment while in the custody of ODYS. Because D.J. was within two months of his twenty-first birthday, the State also moved for an expedited hearing on the motion. During that hearing, D.J.'s treatment providers testified about his progress toward successful completion of sex offender treatment and his evaluation under a tool known as the Juvenile Sex Offender Assessment Protocol-II ("J-SOAP-II").

{¶4} The juvenile court granted the motion to invoke the adult sentence on November 22, 2016, five days before D.J.'s twenty-first birthday. In granting the motion, the juvenile court emphasized D.J.'s failure to participate in sex offender programming until January 2016 and his "superficial" participation thereafter. The juvenile court noted that "[D.J.]'s defiance and failure to timely engage in treatment constitutes conduct that demonstrates that [D.J.] has not been rehabilitated during the course of his ODYS commitment and cannot complete treatment so that he can safely enter the community in the few days that remain before his 21st birthday." On November 23, 2016, the trial court imposed the adult portion of D.J.'s sentence.

{¶5} D.J. appealed the juvenile court's order that granted the State's motion to invoke the adult portion of his sentence. On January 29, 2018, while that appeal was pending, D.J.

petitioned the juvenile court for postconviction relief, asserting five claims for relief.[1] The juvenile court did not take any action on the petition while the direct appeal was pending in this Court. On February 13, 2018, this Court affirmed the juvenile court's order that granted the State's motion to invoke the adult portion of D.J.'s sentence. *In re D.J.*, 9th Dist. Summit No. 28472, 2018-Ohio-569. On February 28, 2018, the juvenile court determined that upon its initial review of the petition, D.J. would be allowed an evidentiary hearing on claims one, two, four, and five, but not on claim three. The juvenile court also ordered the parties to submit briefs on claims one, two, and four. The State moved to dismiss the petition, arguing that all of D.J.'s claims for relief were barred by res judicata or otherwise without merit. In response, D.J. conceded that claims three and four could have been raised on direct appeal.

{¶6} On June 29, 2018, the juvenile court ruled on D.J.'s remaining claims for relief without having conducted an evidentiary hearing, concluding that each was barred by res judicata. D.J. filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DISMISSING CLAIMS ONE, TWO, AND FIVE OF [D.J.]'S POST-CONVICTION PETITION ON *RES JUDICATA* GROUNDS, BECAUSE THE CLAIMS RELIED UPON EVIDENCE OUTSIDE THE RECORD.

{¶7} In his only assignment of error, D.J. argues that the juvenile court erred by concluding that each of his claims for relief was barred by res judicata.

{¶8} R.C. 2953.21(A)(1)(a) provides that:

---

[1] The petition was originally time stamped on January 31, 2018. On June 3, 2020, the juvenile court ordered the time stamp to be amended under Civ.R. 60(A) to indicate that the petition was filed on January 29, 2018.

[a]ny person who has been * * * adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

Trial courts considering a timely petition for postconviction relief must first decide whether a hearing is warranted by determining whether there are substantive grounds for relief with reference to "the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.]" R.C. 2953.21(D). Consequently, a trial court may summarily dismiss a petition that "does not allege facts which, if proved, would entitle the prisoner to relief[]" or a petition whose allegations are negated by the supporting evidence and the record. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph two and three of the syllabus. *See also State v. Calhoun*, 85 Ohio St.3d 279 (1999), paragraph two of the syllabus; *State v. Lester*, 41 Ohio St.2d 51 (1975), paragraph two of the syllabus.

{¶9} Courts must also consider whether the doctrine of res judicata bars the claims raised in a petition for postconviction relief. *Perry* at paragraph 8 of the syllabus. Res judicata is grounds for summary dismissal of a petition. *Lester* at 55. For this reason, postconviction review is "a narrow remedy." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). "Constitutional issues cannot be considered in postconviction proceedings * * * where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him." *Perry* at paragraph seven of the syllabus. *See, e.g., State v. Reynolds*, 79 Ohio St.3d 158, 162 (1997). "When a trial court denies a petition for post-conviction relief on the basis of an issue of law, such as the doctrine of res judicata, this Court reviews the matter de novo." *State v. Palmer*,

9th Dist. Summit No. 28723, 2018-Ohio-1486, ¶ 19, citing *State v. Tauwab*, 9th Dist. Summit No. 28022, 2017-Ohio-81, ¶ 10.

{¶10} In his first claim for relief, D.J. asserted that he was in custody for purposes of the Fifth Amendment "when he was administered the J-SOAP-II instrument and when he participated in group and individual sex offender treatment" during his confinement with ODYS. Consequently, he maintained, the ODYS staff was required to administer *Miranda* warnings to him before each of these activities, and the use of his statements in the invocation hearing violated his right against self-incrimination. In his second claim for relief, D.J. alleged that the administration of the J-SOAP-II and his sex offender treatment were "critical stage[s] of his criminal proceedings" for purposes of the Sixth Amendment and, consequently, that he was denied his right to counsel when he participated in these activities.

{¶11} D.J.'s first and second claims for relief raise "constitutional issues * * * that could have been fully litigated" in the course of the juvenile court proceedings or on direct appeal. *See Perry* at paragraph seven of the syllabus. As such, res judicata bars litigation of these claims in postconviction proceedings. *See, e.g., State v. Johnson*, 14 Ohio St.2d 67, 68 (1968) (right to counsel); *State v. Lawson*, 12th Dist. Clermont No. CA2013–12–093, 2014-Ohio-3554, ¶ 67 (failure to advise of *Miranda* rights); *State v. Jones*, 3d Dist. Defiance No. 4-08-13, 2008-Ohio-5318, ¶ 12 (failure to advise of *Miranda* rights); *State v. Adams*, 11th Dist. Trumbull No. 2003–T–0064, 2005-Ohio-348, ¶ 40-41 (right to counsel and failure to advise of *Miranda* rights); *State v. Blassengale*, 8th Dist. Cuyahoga No. 61329, 1992 WL 209601, *1 (Aug. 27, 1992) (failure to advise of *Miranda* rights).

{¶12} D.J. argues that res judicata should not apply to these claims because his petition was supported by evidence outside the record in the form of his affidavit. The fact that a petitioner

references evidence from outside the record, however, does not automatically prevent application of the doctrine of res judicata to a postconviction claim. *State v. Dovala*, 9th Dist. Lorain No. 08CA009455, 2009-Ohio-1420, ¶ 10, quoting *State v. Stallings*, 9th Dist. Summit No. 19620, 2000 WL 422423, *1 (Apr. 19, 2000). "Evidence outside the record 'must demonstrate that the claims advanced in the petition could not have been fairly determined on direct appeal based on the original trial court record without resorting to evidence outside the record.'" *Dovala* at ¶ 10, quoting *Stallings* at *1.

{¶13} Evidence that is drawn from the trial court record or that was available to the defendant at the time of trial is not evidence outside the record for purposes of determining whether a claim for relief could have been raised on direct appeal. *See State v. Griffin*, 9th Dist. Lorain No. 14CA010680, 2016-Ohio-2988, ¶ 13. *See also State v. Smith*, 9th Dist. Lorain No. 97CA006739, 1998 WL 46747, *3 (Jan. 28, 1998). "'For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial.'" *State v. Jennings*, 10th Dist. Franklin No. 17AP-248, 2018-Ohio-3871, ¶ 17, quoting *State v. Montgomery*, 10th Dist. Franklin No. 13AP-1091, 2014-Ohio-5756, ¶ 19. *Accord State v. B.J.T.*, 12th Dist. Warren No. CA2018-06-062, 2019-Ohio-1049, ¶ 26 (Piper, J., concurring); *State v. Dennison*, 4th Dist. Lawrence No. 18CA6, 2018-Ohio-4502, ¶ 18; *State v. Long*, 5th Dist. Richland No. 17CA15, 2017-Ohio-2848, ¶ 17.

{¶14} D.J.'s affidavit provided that he was not told that he had a right to remain silent or to have an attorney with him during his treatment and that he was unaware that his statements would be used against him in the future. This information was within D.J.'s possession and was

available for use prior to and during the juvenile court proceedings related to the invocation of his adult sentence. *See Griffin* at ¶ 13. To this extent, his affidavit was not "evidence outside the record" for purposes of defeating application of res judicata. *Id*. Even if considered to be "evidence outside the record," however, these statements in D.J.'s affidavit do not demonstrate that his first and second claims for relief "'could not have been fairly determined on direct appeal based on the original trial court record.'" *See Dovala* at ¶ 10, quoting *Stallings* at *1. The trial court did not err, therefore, by concluding that D.J.'s first and second claims for relief were barred by application of res judicata and dismissing his petition on that basis.

{¶15} D.J.'s fifth claim for relief alleged that his attorney during the invocation proceedings rendered ineffective assistance of counsel in five respects: by failing to adequately cross-examine the witnesses who testified regarding their use of the J-SOAP-II instrument; by failing to retain an expert for the purpose of explaining the limitations of that assessment tool; by failing to file a motion to suppress on the grounds advanced in his first and second claims for relief; and by failing to seek a trial by jury during the invocation proceedings.

{¶16} Res judicata is a proper basis for dismissing a petition that alleges ineffective assistance of trial counsel when the issue could have been raised without resort to evidence outside the record on direct appeal and the defendant did not do so, although represented by new appellate counsel. *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus. The same is true when an indigent defendant is represented by different attorneys from the same public defender's office at trial and on direct appeal. *State v. Lentz*, 70 Ohio St.3d 527, 529 (1994). "Generally, the introduction in an R.C. 2953.21 petition of evidence dehors the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of res judicata." *Cole* at 114. This rule, however, is not absolute. *See generally id.*; *Dovala* at ¶ 18. Evidence outside

the record offered in support of an ineffective-assistance claim must still demonstrate that the petitioner's claims "could not fairly have been determined based on the original record or without resort to evidence outside the record." *Dovala* at ¶ 19-20.

{¶17} D.J.'s fifth basis for his ineffective-assistance claim—that trial counsel failed to request a trial by jury in connection with his invocation proceedings, to object to the trial court's findings of fact, and to object on equal protection grounds—could have been determined based on the original record in his direct appeal. The trial court properly dismissed this portion of his fifth claim for relief as res judicata.

{¶18} With respect to the remaining four arguments advanced in D.J.'s fifth claim for relief, this Court reaches a different result. Trial counsel did not cross-examine D.J.'s treatment providers regarding the appropriateness of, or their use of, the J-SOAP-II instrument. The effectiveness of cross-examination is a subject that can often be raised in the context of a direct appeal. *See*, *e.g.*, *State v. Keenan*, 9th Dist. Summit No. 20633, 2002 WL 57999, *2 (Jan. 16, 2002). In this case, however, the record on appeal contained no evidence from which this Court could have determined whether counsel was ineffective on this basis. Res judicata, therefore, did not bar this argument.

{¶19} Similarly, an ineffective-assistance claim based on failure to retain an expert and present expert testimony is not res judicata when it could not have been raised based on the evidence contained in the record on appeal. *See Dovala*, 2009-Ohio-1420, at ¶ 17-18. In order to meet this standard, such expert testimony must not be merely duplicative of other evidence that was presented at trial. *See*, *e.g.*, *Stallings*, 2000 WL 422423, at *2 (concluding that an ineffective-assistance claim based on failure to present expert testimony was res judicata when the proposed evidence duplicated some expert testimony in the record and contradicted other testimony offered

by the defense). There is no evidence in the record from which this Court could have determined, on direct appeal, whether trial counsel was ineffective based on the decision not to retain an expert and present testimony regarding the limitations of the J-SOAP-II assessment tool. Accordingly, the trial court erred by determining that D.J.'s second argument in his fifth claim for relief was barred by res judicata.

{¶20} With respect to the third and fourth arguments in D.J.'s fifth claim for relief, the trial court also erred. This Court has concluded that a claim of ineffective assistance of counsel based on failure to raise lack of *Miranda* warnings cannot be addressed on direct appeal when evidence necessary to address the claim is absent from the record. *See State v. Helmick*, 9th Dist. Summit No. 27179, 2014-Ohio-4187, ¶ 20; *State v. West*, 9th Dist. Summit No. 25434, 2011-Ohio-5476, ¶ 23. Similarly, there was no evidence in the record on appeal from which this Court could have determined D.J.'s argument that trial counsel failed to raise the fact that he was unrepresented during his treatment and evaluation process had that argument been raised. *See generally State v. Sweeten*, 9th Dist. Lorain No. 07CA009106, 2007-Ohio-6547, ¶ 10-12. The trial court, therefore, erred by rejecting D.J.'s third and fourth arguments in his fifth claim for relief on the basis of res judicata.

{¶21} In conclusion, the trial court did not err by determining that D.J.'s first and second claims for relief were barred by res judicata, nor did the trial court err by rejecting D.J.'s fifth argument in his fifth claim for relief on the same basis. The trial court erred, however, by dismissing the remainder of D.J.'s fifth claim for relief on the basis that it was res judicata. D.J.'s assignment of error is, therefore, overruled in part and sustained in part.

III.

{¶22} D.J.'s assignment of error is overruled with respect to his first and second claims for relief and the fifth argument in his fifth claim for relief. His assignment of error is sustained with respect to the remainder of his fifth claim for relief. The judgment of the Summit County Juvenile Court is affirmed in part and reversed in part. This matter is remanded for proceedings consistent with this opinion. *See generally* R.C. 2953.21(D).

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

JENNIFER M. KINSLEY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.