[Cite as *State v. Fox*, 2020-Ohio-5375.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 19CA011591 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT FOX | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 16CR094447 |

DECISION AND JOURNAL ENTRY

Dated: November 23, 2020

TEODOSIO, Judge.

{¶1}    Defendant-Appellant, Robert Fox, appeals from the judgment of the Lorain County Court of Common Pleas, denying his petition for post-conviction relief. This Court affirms.

I.

{¶2}    Mr. Fox pleaded guilty to one count of aggravated robbery, two counts of robbery, two counts of conspiracy, and two counts of having weapons under disability. He also pleaded guilty to the firearm and repeat violent specifications linked to each of his aggravated robbery and robbery counts. His plea agreement provided for the merger of his firearm specifications and all but two of his convictions. Pursuant to a jointly recommended sentence, he ultimately received a total of six years in prison and did not pursue a direct appeal.

{¶3}    Several months later, Mr. Fox filed a petition for post-conviction relief, and the court denied his petition without holding a hearing. Mr. Fox then mailed a second petition for post-conviction relief directly to the court without filing it. Before the court could respond, Mr.

Fox appealed the denial of his first petition for post-conviction relief. This Court dismissed his appeal, however, as it was untimely and stemmed from a non-final order. *See State v. Fox*, 9th Dist. Lorain No. 19CA011525 (Aug. 21, 2019). Because the trial court did not include findings of fact and conclusions of law in its decision, we determined that it had yet to issue a final, appealable order.

{¶4} Following our dismissal, Mr. Fox moved the trial court to issue findings of fact and conclusions of law with respect to its denial of his first petition for post-conviction relief. The court agreed to do so and, on its own initiative, filed Mr. Fox's second petition for post-conviction relief with the clerk. The court considered both petitions and determined that neither one warranted a hearing. Upon review, it denied the petitions.

{¶5} Mr. Fox now appeals from the trial court's judgment and raises four assignments of error for our review. To facilitate our analysis, we rearrange and consolidate several of his assignments of error.

II.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW, WHERE THE COURT FAILED TO OBTAIN A SUFFICIENT AND VALID WAIVER OF ANY CONFLICT OF INTEREST EMANATING FROM THE PROSECUTOR'S REPRESENTATION OF APPELLANT IN 2004.

### ASSIGNMENT OF ERROR IV

THE PLEA, SENTENCE, AND CONVICTION MUST BE REVERSED WHERE THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO DISQUALIFY THE PROSECUTING ATTORNEY DUE TO CONFLICT OF INTEREST.

{¶6}  In his third and fourth assignments of error, Mr. Fox argues that his convictions must be reversed because the trial court failed to disqualify the prosecutor for a conflict of interest and failed to ensure that Mr. Fox waived that conflict.  Upon review, we reject his arguments.

{¶7}  The trial court rejected Mr. Fox's claims in support of his petition for post-conviction relief on several grounds, one of which was that they were barred by res judicata.  "When a trial court denies a petition for post-conviction relief on the basis of an issue of law, such as the doctrine of res judicata, this Court reviews the matter de novo."  *State v. Palmer*, 9th Dist. Summit No. 28723, 2018-Ohio-1486, ¶ 19.  "A de novo review requires an independent review of the trial court's decision without any deference to [its] determination."  *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶8}  "[A] defendant cannot raise an issue in a motion for post[-]conviction relief if he or she could have raised the issue on direct appeal."  *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997).  "To avoid the preclusive effect of res judicata, post-conviction relief claims must be 'based on evidence outside of the original record that existed during direct appellate proceedings.'"  *State v. Spaulding*, 9th Dist. Summit No. 28526, 2018-Ohio-3663, ¶ 10, quoting *State v. Bulls*, 9th Dist. Summit No. 27713, 2015-Ohio-5094, ¶ 9.  That evidence "must demonstrate that the claims advanced in the petition could not have been fairly determined on direct appeal based on the original trial court record without resorting to evidence outside the record."  *State v. Stallings*, 9th Dist. Summit No. 19620, 2000 WL 422423, *1 (Apr. 19, 2000).  "A petition for post-conviction relief may be properly dismissed without a hearing on the basis of res judicata."  *Spaulding* at ¶ 10.

{¶9} Mr. Fox's first petition for post-conviction relief consisted of a single page and was not supported by any affidavits, transcripts, or documentary evidence. Relevant to the discussion herein, he claimed that he was entitled to relief on the following ground:

> Prosecutor, [P.G.] was my lawyer in 2004. Having previously represented me, he should have recused himself. Violations of ORC 2301.99 and ORC 2701.031. This error alone validates my request to modify my sentence.

In his second petition for post-conviction relief, Mr. Fox likewise argued that the prosecutor ought to have recused himself. He cited one case, as well as a Rule of Professional Conduct, and attached an affidavit to his petition. His affidavit contained three paragraphs that addressed his claim regarding the prosecutor. Those paragraphs read as follows:

> 11) Prosecutor [P.G.] was my Attorney on a similar case for Aggravated Robbery in 2004.
>
> 12) At no time did I agree to let my former Attorney Prosecute me on this current case. Records will prove that 100 percent.
>
> 13) Ohio Rules of Professional Conduct specifically bars any Attorney of record from Prosecuting a former client.

Mr. Fox did not append any other evidentiary documentation to his petition or claim that additional documentation would be necessary to resolve his claim.

{¶10} In rejecting Mr. Fox's argument, the trial court noted that the prosecutor had disclosed on the record that "he had represented [Mr. Fox] in the past in an unrelated matter" and his "representation had nothing to do with this case." The court also noted that the prosecutor had offered to recuse himself, but Mr. Fox and his attorney had "both consented to the prosecutor's continued involvement in [the] case." Because the prosecutor's conflict and Mr. Fox's waiver of the same were a matter of record, the trial court reasoned, Mr. Fox could have raised his argument on direct appeal. The court, therefore, concluded that his claim was barred under the doctrine of res judicata.

{¶11} Mr. Fox has not addressed the trial court's conclusion that his claim is barred by res judicata. His assignments of error only address the underlying merits of his claim, and he has not explained why it would have been impossible for him to raise those arguments on direct appeal. In fact, in arguing his position, he notes that "he spoke to his counsel and the judge about the prosecutor's past representation and possible conflict during several pretrial proceedings, and each time he was ignored and the trial judge never took any action." Those proceedings were a matter of record and subject to review on direct appeal. As this Court previously has recognized, "post[-]conviction proceedings are not a substitute for direct appeal." *State v. Herbert*, 9th Dist. Summit Nos. 8780, 8781, 1978 WL 215352, *1 (Aug. 30, 1978).

{¶12} Mr. Fox has not shown that his post-conviction relief claim was "'based on evidence outside the original record that existed during direct appellate proceedings.'" *Spaulding*, 2018-Ohio-3663, at ¶ 10, quoting *Bulls*, 2015-Ohio-5094, at ¶ 9. Because he could have raised the foregoing arguments on direct appeal, the trial court did not err when it concluded that they were barred by res judicata. *See Reynolds*, 79 Ohio St.3d at 161. As such, his third and fourth assignments of error are overruled.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT DENIED APPELLANT DUE PROCESS TO A FAIR AND IMPARTIAL POSTCONVICTION HEARING, WHEN THE TRIAL COURT RELIED UPON ITS OWN PERSONAL KNOWLEDGE, NOT OTHERWISE SUPPORTED BY EVIDENCE IN THE RECORD, REGARDING THE PROCCDDINGS (sic) RELATING TO THE CONFLICT OF INTEREST AND PROSECUTOR RECUSAL.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT DUE PROCESS RIGHT TO A FAIR POSTCONVICTION REVIEW HEARING WHEN IT FAILED TO REVIEW THE RECORD PRIOR TO DENYING AND DISMISSING POSTCONVICTION PETITION.

{¶13} In his first and second assignments of error, Mr. Fox argues the trial court erred when it refused to hold a hearing on his petition for post-conviction relief. He claims that he was denied the opportunity to prove the allegations he made in his petition. Further, he claims that the court failed to conduct a full review of the record and erroneously rejected his petition based on its own recollection of matters discussed during the proceedings. For the following reasons, this Court rejects Mr. Fox's arguments.

{¶14} "[A] criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing." *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). Summary dismissal of a petition for post-conviction relief may be appropriate in a variety of circumstances. *See, e.g., State v. Perry*, 10 Ohio St.2d 175 (1967), paragraphs two and three of the syllabus. A petition may be denied without hearing on the basis of res judicata. *See Spaulding*, 2018-Ohio-3663, at ¶ 10. It also may be denied summarily if it "'does not allege facts which, if proved, would entitle the prisoner to relief[.]'" *In re D.J.*, 9th Dist. Summit No. 2020-Ohio-3528, ¶ 8, quoting *Perry* at paragraph two of the syllabus. Further, it may be denied summarily if it advances "allegations [that] are negated by the supporting evidence and the record." *In re D.J.* at ¶ 8. "[A] trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that [he] set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus.

{¶15} Although Mr. Fox advanced several different claims in his petition for post-conviction relief, his argument on appeal only concerns one of those grounds. Specifically, it concerns his claim that the prosecutor had a conflict of interest and that the trial court failed to

secure his (Mr. Fox's) waiver concerning the conflict. Because Mr. Fox has limited his argument on appeal to that claim alone, this Court likewise confines its analysis to the trial court's ruling on that claim.

{¶16} As previously noted, the trial court determined that Mr. Fox's claim was barred by res judicata. While the court acknowledged that it had not reviewed the transcripts from each of the hearings that it conducted, it indicated that its "clear recollection" was that the prosecutor had disclosed his prior of representation of Mr. Fox on the record and Mr. Fox and his counsel had "acquiesced in the prosecutor handling the matter." The court noted that Mr. Fox had not pointed to any evidentiary support to the contrary. Because he could have raised his argument on direct appeal, the court concluded, it summarily rejected his claim.

{¶17} Mr. Fox argues that the court erred when it rejected his claim based on its own personal recollection of the proceedings. According to Mr. Fox, the court was obligated to hold a hearing and conduct a review of the entire record. Because the court did not and "conduct[ed] its own investigation of the facts," Mr. Fox argues, he is entitled to a judgment in his favor.

{¶18} The record does not support Mr. Fox's contention that the trial court improperly conducted its own investigation in this matter. It is well-settled that a trial court may take judicial notice of its own records in the immediate case before it, "including all prior proceedings in the case * * *." *State v. Reeves*, 9th Dist. Summit No. 8402, 1977 WL 198920, *5 (June 22, 1977), quoting 29 American Jurisprudence 2d, Evidence, Section 57, at 89. Because the court presided over Mr. Fox's pretrial hearings and proceedings, it could rely on its own recollection of those proceedings. Mr. Fox has not shown that the court erred by doing so.

{¶19} The only item Mr. Fox appended to his petition for post-conviction relief was his own self-serving affidavit. That affidavit contained one blanket statement, indicating that he never

agreed to let his former attorney prosecute him. Though the affidavit constituted evidence dehors the record, its inclusion "[did] not automatically prevent application of the doctrine of res judicata * * *." *In re D.J.*, 2020-Ohio-3528, at ¶ 12. It was Mr. Fox's burden to point to evidence outside the record that showed his claims "'could not have been fairly determined on direct appeal based on the original trial court record without resorting to evidence outside the record.'" *State v. Dovala*, 9th Dist. Lorain No. 08CA009455, 2009-Ohio-1420, ¶ 10, quoting *Stallings*, 2000 WL 422423, at *1. If Mr. Fox was in fact "ignored" when "he spoke to his counsel and the judge about the prosecutor's past representation and possible conflict during several pretrial proceedings," that fact would have been evident on the face of the record. Upon review, Mr. Fox failed to set forth any argument or evidence tending to show that his claim could not have been resolved on direct appeal. *See Dovala* at ¶ 10, quoting *Stallings* at *1. Accordingly, we cannot conclude that the trial court erred when it denied his petition without holding a hearing. Mr. Fox's first and second assignments of error are overruled.

### III.

**{¶20}** Mr. Fox's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ROBERT FOX, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.